UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| BANK FIRST, N.A. § | |
| § | |
| Plaintiff, § | |
| v. § | CIVIL ACTION NO. 2:20-cv-00103 |
| § | |
| HARISH PATEL, GOVINDBHAI PATEL § | |
| a/k/a GOVIND PATEL, LALLUBHAI § | |
| PATEL, AND VINOD PATEL § | |
| § | |
| Defendants. § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Bank First, National Association ("Plaintiff" or "Bank First") files its Original Complaint against Defendants Harish Patel ("Harish"), Lallubhai Patel ("Lallubhai"), Govindbhai Patel a/k/a Govind Patel ("Govind"), and Vinod Patel ("Vinod") (collectively "Defendants" or "Guarantors") and states as follows:

### I.  THE PARTIES

1. Bank First is a national banking association with its main office, as designated by its Articles of Association, located in Manitowoc County, Wisconsin. For the purposes of diversity, Bank First is a citizen of the State of Wisconsin.

2. Harish Patel is an individual who resides in Wheeler County, Texas. He may be served with process at 109 E. 15th St., Shamrock, TX 79079 or wherever he may be located. For the purposes of diversity, Harish is a citizen of the State of Texas.

3. Lallubhai Patel is an individual who resides in Sumner County, Tennessee. He may be served with process at 536 Natalie Drive, Goodlettsville, TN 37072 or wherever he may be located. For the purposes of diversity, Lallubhai is a citizen of the State of Tennessee.

4. Govind Patel is an individual who resides in Sumner County, Tennessee. He may be served with process at 1269 12 Stones Crossing, Goodlettsville, TN 37072 or wherever he may be located. For the Purposes of Diversity, Govind is a citizen of the State of Tennessee.

5. Vinod Patel is an individual who resides in Highlands County, Florida. He may be served with process at 1406 US Highway 27 North, Sebring, FL 33870 or wherever he may be located. For the purposes of diversity, Vinod is a citizen of the State of Florida.

## II.   JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because Bank First on the one hand, and Defendants on the other hand, are citizens of different states and the amount in controversy exceeds $75,000.

7. This Court has personal jurisdiction over Defendants because this lawsuit arises out of activities conducted in this judicial district and Defendants have purposefully availed themselves of the laws of the State of Texas. Specifically, as will be alleged more fully below, Defendants each entered into guaranty agreements that were expressly made to induce Bank First's predecessor-in-interest, First National Bank d/b/a National Bank of Commerce ("First National Bank"),[1] into extending credit to Borger Properties, Inc. ("Borger Properties"), a Texas corporation with its principal place of business in Wheeler County, Texas. The payments that Defendants guarantied were explicitly to be made to First National Bank's banking house in Grey County, Texas, the collateral that secured repayment of the funds is located in Hutchison County, Texas, and the guaranties each Defendant executed were expressly delivered to and accepted by First National in the State of Texas. Further, Defendants consented to jurisdiction in the State of Texas in the guaranties.

---

[1] On October 27, 2017, First National Bank merged with and into Bank First. As a result, Bank First assumed First National Bank's rights and obligations under each of the Loan Documents discussed below.

**PLAINTIFF'S ORIGINAL COMPLAINT**                                                                                              Page 2

8. Venue is proper in the Northern District of Texas, Amarillo Division, pursuant to 28 U.S.C. § 1391(b)(1) and (2) because it is the judicial district where a substantial part of the events or omissions giving rise to the claims occurred, and where a substantial part of property that is the subject of this action is situated.

### III.   STATEMENT OF FACTS

**A.   The Loan Documents**

9. On or about October 3, 2011, Borger Properties, Harish, and Kokila Patel, as borrowers, executed and delivered to First National Bank their Real Estate Lien Note (the "Lien Note") in the original principal amount of $6,404,352.00. The Lien Note is attached and marked as Exhibit 1, and is incorporated herein by reference.

10. The Lien Note was a renewal and extension of six prior loans, and the original maturity date of the Lien Note was October 3, 2016.

11. The place for payment under the Lien Note was identified as First National Bank's banking house located in Gray County, Texas.

12. The Lien Note was secured by a Commercial Loans Deed of Trust, Assignment, Security Agreement and Financing Statement also dated October 3, 2011 ("Deed of Trust") that committed a Hampton Inn located in Hutchinson County, Texas and owned by Borger Properties ("Hampton Inn") as collateral for the Lien Note. The Deed of Trust is attached and marked as Exhibit 2, and is incorporated herein by reference.

13. The Deed of Trust was executed in Gray County, Texas by Harish and Kokila Patel on behalf of Borger Properties.

14. On March 15, 2013, a Confirmation Modification of Real Estate Note was executed by Borger Properties as "Borrower" and Harish, Lallubhai, Govind, and Vinod as "Guarantors" that renewed and extended the Lien Note and modified the Lien Note, in part, to list only Borger

Properties as the Borrower and to list Harish, Lallubhai, Govind and Vinod as Guarantors. The Confirmation Modification of Real Estate Note modifying the Lien Note is attached and marked as Exhibit 3, and is incorporated herein by reference.

15. The Deed of Trust was also modified and extended on March 15, 2013 by a Modification and Extension Agreement to conform with the modifications to and extension of the Lien Note. The March 15, 2013 Modification and Extension Agreement modifying the Deed of Trust is attached and marked as Exhibit 4, and is incorporated herein by reference.

16. The March 15, 2013 Modification and Extension Agreement was executed in Gray County, Texas by Harish on behalf of Borger Properties.

17. On October 3, 2016, a First Amendment to Confirmation Modification of Real Estate Note was executed, which, in part, extended the maturity date of the Lien Note to October 3, 2018. The First Amendment to Confirmation Modification of Real Estate Note is attached and marked as Exhibit 5, and is incorporated herein by reference.

18. Defendants each executed the First Amendment to Confirmation Modification of Real Estate Note as "Guarantors" as well.

19. The Deed of Trust was similarly renewed and extended by a second Modification and Extension Agreement dated October 3, 2016. The October 3, 2016 Modification and Extension Agreement renewing and extending the Deed of Trust is attached and marked as Exhibit 6, and is incorporated herein by reference.

20. The October 3, 2016 Modification and Extension Agreement was executed in Gray County, Texas by Harish on behalf of Borger Properties.

21. In connection with the March 15, 2013 modification of the Lien Note and Deed of Trust, Defendants each executed identical Commercial Guaranties (the "Commercial

Guaranties"), absolutely guarantying full repayment of the Indebtedness, as defined in the Commercial Guaranties, which includes the full amount owed under the Lien Note. The Commercial Guaranties for Harish, Lallubhai, Govind, and Vinod are attached and marked as Exhibits 7-10, and are incorporated herein by reference.

22. The Commercial Guaranties were expressly made in consideration for First National Bank to extend, and continue to extend, credit to Borger Properties.

23. The Commercial Guaranties also included an "Applicable Law" provision stating the following:

> **Applicable Law.** This Guaranty has been delivered to Lender and accepted by Lender in the State of Texas. If there is a lawsuit, and if the transaction evidenced by this Guaranty occurred in GRAY County, Guarantor agrees upon Lender's request to submit to the jurisdiction of the courts of GRAY County, State of Texas. This Guaranty shall be governed by and construed in accordance with the laws of the State of Texas and applicable Federal laws.

24. Effective October 3, 2018, Defendants and Borger Properties executed a Third Amendment to Real Estate Lien Note that extended the maturity date on the Lien Note to March 14, 2019 and added the following provisions:

> 4.5 **Acknowledgement of Indebtedness; No Defenses or Claims.** Borrower and Guarantors hereby confirm, acknowledge, and agree that the unpaid balance under the Note as of the date of this Third Amendment is owing to Lender without defense, counterclaim, or offset.
>
> * * *
>
> 4.7 **Continuing Liability under Guaranties.** Guarantors agree that they, as guarantors, remain liable for payment to the Lender of all principal and interest owed under or evidenced by the Note, as amended hereby, and for all other obligations undertaken by them in their respective "Commercial Guaranty," each dated March 15, 2013. Those Commercial Guaranties remain in full force and effect, and all the representations, warranties, covenants and agreements of the Guarantors therein shall have been deemed to have been made as of the date hereof. Guarantors acknowledge and agree that they have no defenses to enforcement of the Guaranties and no claims against the Bank or offsets to their liability under the Guaranties.

The Third Amendment to Real Estate Lien Note is attached and marked as Exhibit 11, and is incorporated herein by reference.

25. The Third Amendment to Real Estate Lien Note was signed by each of Defendants as "Guarantors" and by Bank First as "Lender."

**B.  Default and Foreclosure**

26. Under the Lien Note, as modified and amended, and the Commercial Guaranties, Defendants agreed that upon Borger Properties' failure to pay under the Lien Note that Defendants would pay any amounts due on the Lien Note.

27. The Lien Note is in default as a result of Borger Properties' failure and refusal to pay amounts when due.

28. On January 30, 2019, Bank First provided notice of default under the Lien Note to Borger Properties and Defendants. Bank First's demand is attached and marked as Exhibit 12, and is incorporated herein by reference.

29. Neither Borger Properties nor Defendants responded to the demand to cure.

30. On February 22, 2019, Bank First again provided notice of default under the Lien Note to Borger Properties and Defendants. Bank First's second demand is attached and marked as Exhibit 13, and is incorporated herein by reference.

31. Neither Borger Properties nor Defendants responded to the second demand to cure.

32. Defendants are in default under the Lien Note and Commercial Guaranties.

33. Bank First has accelerated all amounts due under the Lien Note.

34. As of September 3, 2019 there was due and owing on the Lien Note $4,801,540.66, including principal, interest, late charges, fees, and legal fees with interest accruing daily.

35. On September 3, 2019, the Deed of Trust was foreclosed and the Hampton Inn was sold to Bank First for $2,150,000.00.

36. $2,651,540.66 now remains due and owing on the Lien Note and is owed, jointly and severally, by each of the Defendants under the Commercial Guaranties.

37. Bank First owns and holds the Lien Note and Commercial Guaranties.

38. Bank First has performed all of its obligations under the Lien Note and Commercial Guaranties, and otherwise satisfied all conditions precedent to payment.

39. Defendants materially breached their obligations under the Lien Note and Commercial Guaranties.

40. As a direct and proximate result of Defendants' breach, Bank First has been damaged and has incurred fees and costs as a result of the breach.

41. Bank First is entitled to recover against Defendants the full amount due under the Lien Note.

42. Bank First is entitled to recover against Defendants its reasonable costs and expenses relating to the default including, but not limited to, Bank First's attorneys' fees and costs.

### C. Theft of Credit Card Receipts

43. After obtaining the Hampton Inn at foreclosure on September 3, 2019, Bank First took possession of the Hampton Inn and hired Hospitality Management Corporation to begin operating it as a hotel on Bank First's behalf.

44. Most of the credit card payments made by the guests of the Hampton Inn after September 3, 2019 were deposited into Bank First's bank account. However, $60,503.25 worth of credit card payments for charges after the foreclosure sale (the "Credit Card Receipts") were instead deposited to an account owned by Harish at Happy State Bank.

45. Bank First did not authorize or approve these improper transfers made by Harish.

46. Bank First is entitled to a return of the Credit Card Receipts that Harish fraudulently obtained and effectively stole from Bank First.

### IV. CAUSES OF ACTION

#### COUNT A – BREACH OF CONTRACT (AGAINST ALL DEFENDANTS)

47. Bank First incorporates by reference the allegations previously set forth above.

48. The Lien Note, as modified and amended, and Commercial Guaranties are valid and enforceable.

49. Without legal justification or excuse, Defendants materially breached the Lien Note and Commercial Guaranties by failing to perform their obligations thereunder.

50. As a direct and proximate result of the breaches by Defendants, Bank First has suffered damages.

51. Defendants are jointly and severally liable to Bank First and for payment of the damages Bank First has suffered.

52. Bank First has incurred attorneys' fees and other costs in preparing and filing this action, all of which are the responsibility of Defendants in accordance with Lien Note, its amendments, and the Commercial Guaranties. Bank First is likely to incur substantial additional attorney fees as this case is litigated and prepared for trial, which also shall be the responsibility of Defendants jointly and severally.

#### COUNT B – TEXAS CIVIL THEFT LIABILITY ACT (AGAINST HARISH)

53. Bank First incorporates by reference the allegations previously set forth above.

54. By rerouting the Credit Card Receipts from the Hampton Inn to his own bank account, Harish unlawfully appropriated Bank First's property and engaged in theft as defined by Chapter 31 of the Texas Penal Code.

55. As a result of Harish's actions, Bank First has suffered damages.

56. Bank First is entitled to its actual damages resulting from Harish's actions as well as an additional amount up to $1,000 as provided by TEX. CIV. PRAC. & REM. CODE § 134.005.

### COUNT C – MONEY HAD AND RECEIVED (AGAINST HARISH)

57. Bank First incorporates by reference the allegations previously set forth above.

58. The Credit Card Receipts from the Hampton Inn are currently being held by Harish.

59. The Credit Card Receipts belong to Bank First in equity and good conscience.

60. Harish obtained the Credit Card Receipts by fraudulent or negligent misrepresentations as to Harish's entitlement to those payments and the account(s) to which those payments were to be deposited.

61. Bank First is entitled to a return of the Credit Card Receipts as Harish ceased to own or control the Hampton Inn on September 3, 2019 and thus has no basis to continue to retain the Credit Card Receipts from after that date.

### COUNT D – ATTORNEYS' FEES (AGAINST ALL DEFENDANTS)

62. Bank First incorporates by reference the allegations set forth above.

63. Bank First is entitled to recover its attorneys' fees and costs of collection pursuant to the Lien Note, the Commercial Guaranties, TEX. CIV. PRAC. & REM. CODE § 38.001, *et seq.*, and TEX. CIV. PRAC. & REM. CODE § 134.005 as well as any fees incurred on appeal of this matter.

64. As a result of Defendants' failures to pay, Bank First has incurred attorneys' fees and other costs in preparing and filing this action, all of which are the responsibility of Defendants jointly and severally.

65. Additionally, as a result of Harish's theft of the Credit Card Receipts, Bank First has incurred additional attorneys' fees and other costs in preparing and filing this action, all of which are the responsibility of Harish.

66. Bank First is likely to incur substantial additional attorneys' fees as this case is litigated and prepared for trial, which shall also be the responsibility of Defendants jointly and severally.

67. Bank First is entitled to recover its attorneys' fees and costs in an amount to be proven at trial, which exceeds 10% of all amounts due under the Lien Note and Commercial Guaranties.

68. Defendants are jointly and severally liable for the attorneys' fees Bank First has incurred and will continue to incur in this action.

## V.  PRAYER FOR RELIEF

WHEREFORE, Bank First respectfully requests that the Court award judgment on its claims against Harish Patel, Lallubhai Patel, Govind Patel, and Vinod Patel, jointly and severally, as follows:

A. For all damages available under the Lien Note and Commercial Guaranties including all unpaid principal, accrued interest, fees, and all late charges;

B. For all damages resulting from Harish's theft of the Credit Card Receipts from the Hampton Inn;

C. For the return of the Credit Card Receipts being held by Harish that belong to Bank First in equity and good conscience;

D. All court costs and attorneys' fees incurred by Bank First in the enforcement of its rights and remedies under the Lien Note and Commercial Guaranties;

E. All court costs and attorneys' fees incurred by Bank First in the recovery of the Credit Card Receipts wrongfully appropriated by Harish;

F. An additional amount of up to $1,000 for Harish's violations of the Texas Civil Theft Liability Act; and

G. For such other and further relief as the Court may deem just and equitable.

Respectfully submitted,

*/s/ Gregory M. Sudbury*
GREGORY M. SUDBURY
State Bar No. 24033367
IAN B. SALZER
State Bar No. 24110325
**QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, P.C.**
2001 Bryan St., Suite 1800
Dallas, TX 75201
(214) 871-2100
(214) 871-2111 (FAX)
gsudbury@qslwm.com
isalzer@qslwm.com

**ATTORNEYS FOR PLAINTIFF BANK FIRST**